Argued March 15, reversed April 5, 1976

STATE OF OREGON, *Respondent,*

*v.*

RAYMOND WILBUR BOYUM, *Appellant.*

(No. C 75-06-1792 Cr, CA-5288)

548 P2d 172

*James T. Marquoit,* Portland, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was indicted for rape in the first degree, ORS 163.375. The trial court instructed the jury on several alternative charges, including attempted rape in the second degree, ORS 163.365(1)(b). The jury found defendant guilty of this latter charge. Defendant contends that it was error to give an instruction on attempted rape in the second degree, ostensibly as a lesser included offense.

The indictment charged that:

"The said defendant, on or about April 22, 1975, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, by forcible compulsion, engage in sexual intercourse with [named person], a female, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The victim testified that defendant pushed her into the back seat of the car they were in and forced her to have intercourse with him. She also testified that she was 12 years old at the time. Defendant related a different version. He stated that the victim volunteered to have sexual relations with him. According to defendant, he did not use any force on the victim nor did he in fact have sexual intercourse with her.

The Oregon Supreme Court has recently dealt in a comprehensive fashion with the issue of when it is proper to instruct the jury on lesser included offenses. In *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), the court noted:

"We have two statutes which bear on this problem: ORS 136.460, relating to inferior degrees of crimes, and ORS 136.465, relating to necessarily included offenses.

"ORS 136.460 states:

" 'Verdict where crime consists of degrees. Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of

any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof.'

"This statute gives both the defendant and the prosecution the right to receive instructions either as to lesser degrees of crimes consisting of different degrees (such as first and second degree burglary), or as to the crime of attempting to commit the offense charged or a lesser degree thereof.

"ORS 136.465 states:

" 'Verdict where crime or attempt included within charge. In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime.'

"That statute relates to lesser offenses which are not merely lower degrees of the crime charged but are either necessarily included in the statutory definition of the crime (criminal trespass in burglary) or expressly included in the criminal offense as charged in the indictment (assault with a deadly weapon under indictment charging assault with intent to kill and alleging use of a deadly weapon). * * *" 273 Or at 835. (Citations omitted.)

■ Based on the discussion in *Washington,* 273 Or at 836, we conclude that second degree rape committed by having sexual intercourse with a female under 14 years of age (often called statutory rape) is not necessarily included in the definition of first degree rape committed by having sexual intercourse with a female who is subjected to forcible compulsion. The state does not contend otherwise. Furthermore, the indictment does not allege the age of the female, an essential element of the crime for which defendant was convicted.

■ The state, however, relies on ORS 136.460 to support the contested instruction. If ORS 136.460 is read literally, second degree rape is a "degree inferior" to first degree rape. Such a reading would ignore the constitutional component of the lesser included offense doctrine, i.e., that a defendant must have notice of the

charge against him. *State v. Washington,* 273 Or at 837.

■ Forcible rape does not include an essential element of "statutory" rape, the age of the female, nor did the indictment allege her age. Therefore, defendant had no notice that he would have to defend a charge of attempting to have sexual intercourse with a female who consented but was under 14. The mere fact that the statutory organization selected by the legislature classified two substantively distinct crimes under a common heading does not alter the result. To the same effect, *see People v. Burch,* 281 App Div 348, 120 NYS2d 82 (1953).

Reversed.