Argued December 15, 1977, reversed and remanded for new trial
February 7, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## GEORGE FRANK GREEN, *Appellant.*
### (No. C 76-09-12684, CA 7821)
574 P2d 356

Richard S. Mannis, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant appeals his jury convictions of rape in the first degree (ORS 163.375) and sodomy in the first degree (ORS 163.405).

The thrust of defendant's case at trial was that without being subjected to force or threat complainant had consented to his sexual advances. Defendant and complainant presented markedly different interpretations of the events in the incident. Complainant was hitchhiking in Portland. Defendant picked her up and agreed to take her to an address several miles away. As they were driving along the freeway, defendant propositioned her. He testified that she did not reply. She testified that she replied, "You don't want to do that." According to her, defendant then produced a handgun — which she thought strangely small — made a threatening gesture with it and put it out of sight on his left side. She did not see the gun again. He testified that the gun was a starter's pistol, which fired only blanks, and that it was in plain view on the "hump" of the car when complainant got in. He said that he picked it up and placed it over on the left side of the car because it seemed to be making her nervous, and that as he did so he remarked, "This is not a real gun."

Defendant recalled that he propositioned complainant a second time and that she replied, "Take me where I want to go and we can do it there." She admitted that she said that but explained that she did so only after seeing the gun and in order that defendant might then drive to a highly populated area. Defendant, however, did not go to the address complainant had given him; instead, he continued eastward along the freeway, passing up each exit that she said he should take. As they were driving along, defendant requested that complainant perform oral sodomy upon him. Although she said that defendant pushed her head down, she acknowledged that because she had seen the gun she offered little or no resistance.

Defendant finally left the freeway and drove to a spot along Wilkes Road, where he and complainant had sexual intercourse. She admitted that during intercourse she asked defendant, "Is it okay?" She explained that she had been afraid of what he might do if not satisfied. Afterwards, defendant drove complainant to the address she had given and let her out of the car. She was surprised that he did not admonish her to remain silent about the incident or attempt to hide his license plate.

■ At trial, the prosecuting attorney sought to establish that the Wilkes Road area where defendant had taken complainant was a remote place. In his examination of a police officer, the following exchange took place:

"Q: Now when we talk about an 'isolated area' — for the purpose or [sic] rape — you have been cross-examined in this area — is rape particularly in isolated areas?
"A: Yes.
"Q: Is there anything specific about Wilkes Road?
"A: Yes.
"Q: Will you tell us what it is?
"A: During the past year, there have been five rapes in that area, reported on Wilkes Road."

The court overruled defendant's objection to the last-quoted question and answer stating, "I think it falls within the examination that you made, as to whether or not it was an isolated area."

The objection should have been sustained, for the testimony was irrelevant to any issue or dispute and tended to suggest the commission of other crimes by the defendant. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). In the context of the close factual issue on consent, it is difficult to imagine a more prejudicial answer to a question asked with a view to establishing the remoteness of the Wilkes Road area. Under the circumstances, the error requires reversal.

■ For the purpose of guidance upon retrial we consider briefly two other assignments of error. First, defendant contends that he was entitled to an instruction on sexual misconduct under ORS 163.445. Complainant's age was not alleged in the indictment. Therefore, defendant was not entitled to the instruction even though there was testimony (received without objection) that complainant was under 18. *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975); *State v. Boyum,* 25 Or App 51, 548 P2d 172 (1976).

■ Second, defendant argues that the trial court abused its discretion in allowing the police officer who responded to complainant's initial call to relate excited statements made by her to him shortly after the incident. We do not find that to have been an error. *State v. Wilson,* 20 Or App 553, 532 P2d 825 (1975); *State v. Jones,* 27 Or App 767, 557 P2d 264 (1976), *rev den* (1977).

Reversed and remanded for new trial.