# STATE OF OREGON,
*Respondent,*

*v.*

# ALVIE RAY GIBSON,
*Appellant.*
## (Nos. C 78-07-11251 and C 78-09-14388)
## (CA 12950, 12951)
## (Cases Consolidated)
600 P2d 962

[575]

Jeffrey C. Grant, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Gary L. Hooper, Deputy Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Defendant was convicted after a jury trial of arson in the first degree.[1] He assigns as errors denial of his motion for judgment of acquittal, denial of his request for a jury instruction on arson in the second degree as a lesser included offense, and denial of his request for an instruction on less satisfactory evidence. Only the second assignment merits discussion. It raises two issues: (1) whether arson in the second degree is a lesser included offense under a charge of arson in the first degree, and (2) whether the evidence supported a jury instruction on arson in the second degree.

Defendant was an employee of Olsen Enterprises, a business engaged in the sale and rental of heavy construction machinery. On July 10, 1979, when the secretary of the company came to work at 7:40 a.m., she noticed smoke coming from the rear of the building, which was a residential structure that had been converted to the company's offices. As she was about to unlock the front gate, defendant appeared behind her and said the building was on fire. The evidence at trial showed that fires had been set about 30 minutes earlier in two office rooms and in a tool shed by igniting office-type paper doused with diesel fuel. There was other evidence connecting defendant with the fires.

■ Arson in the first degree involves intentional damage by fire or explosion to the "protected property of another," ORS 164.325(1)(a);[2] arson in the second de-

---

[1] Defendant was also convicted of burglary in the second degree, unauthorized use of a vehicle and forgery in the first degree. He seeks reversal only of his conviction for arson.

[2] ORS 164.325:

"(1) A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, he intentionally damages:

"(a) Protected property of another; or

"(b) Any property, whether his own or another's, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage.

"(2) Arson in the first degree is a Class A felony."

[577]

gree consists of such damage to another's property which is not "protected." ORS 164.315.[3]

Protected property is defined by ORS 164.305(1) as "any structure, place or thing customarily occupied by people, including 'public buildings' as defined by ORS 479.010 and 'forest land' as defined by ORS 477.001." The commentary to the 1971 Criminal Code by the Criminal Law Review Commission states that "the purpose of the definition is to protect those structures or things which typically are occupied by people, and is consistent with the primary rationale of the crime of arson: protection of human life or safety." Oregon Criminal Code of 1971 (1975 ed) 182.[4] Guidelines in the commentary provide that a certain structure, place or thing can be found to be customarily occupied by people if:

"(a) By reason of circumstances of time and place when the fire or explosion occurs, people are normally in the building, structure or thing; or

"(b) Circumstances are such as to make the fact of occupancy by persons a reasonable possibility." Oregon Criminal Code of 1971, *supra* at 184.

ORS 136.460 provides:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

In *State v. Boyum,* 25 Or App 51, 54, 548 P2d 172 (1976), we held that in order for a crime of a lower

---

[3] ORS 164.315:

"(1) A person commits the crime of arson in the second degree if, by starting a fire or causing an explosion, he intentionally damages any building of another that is not protected property.

"(2) Arson in the second degree is a Class C felony."

[4] Forests and public buildings are classed as protected property in part due to the secondary rationale of protection of cherished property. Forest fires may cause economic loss to the state, and fires in public buildings may irreparably damage public records, in addition to the risks to human life or safety. Oregon Criminal Code of 1971, Commentary at 182-3.

degree to be considered a lesser included offense pursuant to ORS 136.640, the lower degree must be necessarily included in the statutory definition of the crime or expressly included in the charging instrument. *See State v. Washington,* 273 Or 829, 835, 543 P2d 1058 (1975).[5]

Every element of arson in the second degree is included in the statutory definition of arson in the first degree except for the element of "protected property." The resolution of the question raised by that distinction is a question of fact. *State v. Perez,* 13 Or App 288, 292, 508 P2d 833, *rev den* (1973). Arson in the second degree thus may be a lesser included offense under an indictment for arson in the first degree of another's protected property.

■ ■ The right of the defendant to a jury instruction on a lesser included offense is subject to the requirement that there must be evidence that would allow the jury "rationally and consistently" to find the defendant guilty of the lesser offense and innocent of the greater. *State v. Washington, supra* at 836. Here there was evidence in the record that satisfied that requirement. The fires were started in a commercial establishment. All employees worked a shift from 8 a.m. to 5 p.m., and the secretary customarily was the first to arrive at 7:40 a.m. The fires were started half an hour prior to that time. Those circumstances would have permitted the jury to find that at the time of the fire the office building was not customarily occupied by people. That is, the jury could "rationally and consistently" have found the defendant guilty of the lesser offense, arson in the second degree, and it should have been so instructed.

Reversed and remanded for new trial on the arson count. The judgments on all other counts are affirmed.

---

[5] The indictment in this case alleged:

"The said defendant, on or about July 10, 1978, in the County of Multnomah, State of Oregon, did unlawfully and intentionally damage protected property, to-wit: a business establishment, situated at 3122 Northeast Columbia Boulevard, the property of Phillip Olson, by starting a fire, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."