Argued and submitted October 14, reversed and remanded December 14, 1988

STATE ex rel JUVENILE DEPARTMENT
OF JOSEPHINE COUNTY,
*Respondent,*

*v.*

ROFF,
*Appellant.*

(88-J-32; CA A48294)

765 P2d 244

Beecher C. Ellison, Grants Pass, argued the cause for appellant. With him on the brief was Ingram, Rich and Kardell, Grants Pass.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Roff, a child, appeals the finding of jurisdiction of the juvenile court based on attempted arson in the first degree. ORS 164.325; ORS 419.476(1)(a). The issue is whether the property involved was "protected property" under ORS 164.305(1). We review *de novo,* and reverse and remand.

Roff was accused of attempting to set fire to a pickup truck and recklessly endangering a cabinet making shop, which was three or four feet from where the truck was parked. Lantzer, the owner of the cabinet shop, testified that the shop was never used at night and that the earliest that he or anyone else would be in the shop was 7:00 a.m., and the latest was 10:30 p.m. He also testified that someone had been coming on to his property, opening the doors of his pickup truck and removing the gas caps. He said that he had been regularly watching his shop and vehicles from his bedroom window, usually beginning at 3:00 or 4:00 a.m. His house is approximately 75 yards from the shop. Roff was taken into custody between 4:00 and 4:30 a.m.

Roff argues that the state did not show that the cabinet shop was "protected property," which is defined as any structure, place or thing customarily occupied by people. ORS 164.305(1).[1] The state concedes that the pickup truck was not protected property but argues that the cabinet shop was.

When a structure is a commercial establishment and the evidence shows that employes or the public were not regularly on the premises at the time the fire was set, the trier of fact can find that at the time of the fire the commercial establishment was not customarily occupied by people. *State v. Gibson,* 42 Or App 575, 578-579, 600 P2d 962, *rev den* 288 Or 173 (1979). Thus, even though a building is regularly occupied by people, it may be protected property only part of the time. The state argues that Lantzer might have gone into the shop

---

[1] The commentary to ORS 164.325 states that a structure, place or thing is customarily occupied by people if:

"(a) By reason of circumstances of time and place when the fire or explosion occurs, people are normally in the building, structure or thing; or

"(b) Circumstances are such as to make the fact of occupancy by persons a reasonable possibility."

during his vigil for the gas cap thief, and that the shop was therefore protected property, because the circumstances were such that occupancy by persons at night was a reasonable possibility.

At trial Lantzer testified that nobody ever slept in the shop, nor had he ever considered doing so. He watched from his bedroom window and he did not patrol his property. That Lantzer might have gone into the shop in the early morning does not lead to a reasonable inference that persons regularly occupied the shop at that time.

We find that the attempt to start a fire occurred when the property was not protected property under ORS 164.305(1).

Reversed and remanded for proceedings based on attempted arson in the second degree.