979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian COOK, Petitioner-Appellant,
v.
George BACHIK, Superintendent, Oregon State Hospital,
Respondent-Appellee.
 No. 91-36051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided Nov. 17, 1992.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and ZILLY,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Brian Cook appeals from the district court's dismissal of his Petition for Habeas Corpus relief. Cook is currently in custody at the Oregon State Hospital (OSH), held under the authority of the Oregon Psychiatric Security Review Board (PSRB). The district court found that Cook was competent to waive, and in fact did validly waive, his constitutional right to a jury trial when he agreed to a "Stipulation of Fact" stating that he committed various arson related crimes but that he suffered from a mental disease and lacked "substantial capacity to conform his conduct to the requirements of the law." The district court also granted summary judgment against Cook on his claim that he waived his state trial rights as a result of inadequate assistance of counsel. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.
 
 
 4
 * Cook argues that his petition for habeas corpus should have been granted because he was incompetent to waive his right to a jury trial and thus his "insanity conviction" violates the constitutional requirement of due process. A district court's decision to deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc). To the extent it is necessary to review findings of fact, the clearly erroneous standard applies. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 5
 * Cook initially contends that the state trial judge, by accepting a Stipulation of Fact from Cook in which Cook agreed that he committed various arson related crimes, improperly conducted a stipulated facts trial without first determining whether Cook was competent to waive his right to a jury trial. Cook correctly notes that a "hearing is required on a defendant's competency to plead guilty whenever the trial judge entertains or reasonably should entertain a good faith doubt as to that defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented." Chavez v. United States, 656 F.2d 512, 517 (9th Cir.1981). However, the specific question of whether the state trial judge improperly denied Cook an evidentiary hearing to determine his competency is not directly at issue on appeal. The district court concluded that "the state factual finding made at the state habeas corpus proceeding that 'petitioner was fit to proceed' is not fairly supported by the record as a whole." As a result, the court ordered an evidentiary hearing on the question of whether Cook was competent at the time of his remand hearings in May and June of 1986. Magistrate Hogan's Findings and Recommendations, concluding that Cook was competent under the Chavez standard to waive his right to a jury trial, were later adopted by the district court following de novo review.
 
 B
 
 6
 The narrower issue actually raised on appeal is whether the evidentiary hearing, ordered by the district court and conducted by Magistrate Hogan over four years after the original 1986 proceeding, could cure the state court's failure to hold a competency hearing in 1986.
 
 
 7
 Cook argues that the time from the trial to the federal hearing was too long for a retrospective determination of competency. He relies on Pate v. Robinson, 383 U.S. 375 (1966), Drope v. Missouri, 420 U.S. 162 (1975), Tillery v. Eyman, 492 F.2d 1056 (9th Cir.1974), DeKaplany v. Enomoto, 540 F.2d 975 (9th Cir.1976), cert. denied, 429 U.S. 1075 (1977), and Moran v. Godinez, 972 F.2d 263 (9th Cir.1992), to assert that the evidentiary hearing held by the district court did not, and could not, cure the due process violation resulting from the state court's failure to hold a competency hearing at the time of his state trial in 1986.
 
 
 8
 Where, as here, the record contains sufficient information upon which to base a reasonable psychiatric judgment, a retrospective determination of competence is permissible. See, e.g., DeKaplany v. Enomoto, 540 F.2d 975 (9th Cir.1976), cert. denied, 429 U.S. 1075 (1977) (retrospective determination appropriately made although many years passed between the trial and the hearing, when defendant's trial counsel and several key expert witnesses who testified at the trial were able to attend the hearing, and many pages of expert testimony, prepared for the trial and addressed to the issue of defendant's competency at the time of trial, were available at the hearing); Evans v. Raines, 800 F.2d 884 (9th Cir.1986) (holding that while it is preferable to hold a competency hearing at the time counsel was waived, the state court could adduce sufficient evidence five years later to determine the additional issues of competency to waive counsel and of knowing and intelligent waiver). The cases upon which Cook relies are distinguishable, because the record in each was substantially thinner than in DeKaplany, Evans, or this case. See Drope v. Missouri, 420 U.S. 162 (1975) (no retrospective determination of defendant's competence where record contained only a report of single psychiatric evaluation); Pate v. Robinson, 383 U.S. 375 (1966) (no retrospective determination of defendant's competence to stand trial where limited evidence of defendant's mental state contained in the record); Tillery v. Eyman, 492 F.2d 1056 (9th Cir.1974) (no retrospective determination possible where record contained single psychiatric report); Moran v. Godinez, 972 F.2d 263, 267-68 (9th Cir.1992) (no retrospective determination possible where mental evaluations "focused only on those qualities that reflect competency to stand trial, not the higher level of mental functioning required for a valid waiver of constitutional rights").
 
 
 9
 The district court's retrospective determination of Cook's competence was made after close review of a comprehensive psychological record, much of which was created contemporaneously with the trial proceedings. The magistrate judge examined medical and psychiatric evaluations prepared by doctors who had daily contact with Cook in 1986. In addition, the court heard testimony from Cook's lawyer and several other "eye witnesses" present with Cook at the May and June 1986 hearings. We conclude that the record is sufficient to enable the court fairly to reconstruct Cook's mental condition at the 1986 proceedings.
 
 C
 
 10
 Cook argues that even if a fair retrospective determination of competence were possible, the evidence received at the federal evidentiary hearing is insufficient to support the district court's finding that Cook was competent to waive his right to a jury trial.
 
 
 11
 The district court correctly applied the standard set out in Chavez v. United States, 656 F.2d 512, 518 (9th Cir.1981). After reviewing numerous evaluations by OSH staff and doctors recorded during the relevant time period as well as witnesses' accounts of Cook's performance and demeanor at the 1986 hearings, the court found that Cook "knew and understood his options in May and June, 1986, he chose to be committed to OSH rather than face a possible prison term, he knew and understood his right to a jury trial, and he made a reasoned choice to waive his jury trial understanding that he would be placed under PSRB jurisdiction for an indefinite time." We cannot say that the court's conclusion that Cook was competent under the Chavez standard to waive his right to a jury trial was erroneous.
 
 II
 
 12
 * Cook next argues that even if he were properly determined competent, there was no knowing, intelligent, and voluntary waiver of trial rights at the June 10, 1986 hearing. Cook contends that his Stipulation of Fact was a de facto guilty plea and thus subject to the particular constitutional safeguards set forth in Boykin v. Alabama, 395 U.S. 238 (1969). Our recent decision in Adams v. Peterson, 968 F.2d 835 (9th Cir.1992) (en banc), disposes of this issue.
 
 
 13
 Cook entered a not guilty plea, but agreed to proceed on a stipulated facts trial. The stipulated facts indicated that Cook committed the criminal offenses, and "[t]hat based on the foregoing facts, Brian Cook is guilty except insane as to Counts I, II, and III of the Information filed herein." The stipulation further stated that Cook "requires commitment to a state mental hospital under the jurisdiction of the Psychiatric Security Review Board."
 
 
 14
 Adams held that "a plea of not guilty in combination with a stipulated facts trial is simply not equivalent to a guilty plea for Boykin purposes, even if the stipulation is to all elements necessary to a conviction and even if it might appear to a reviewing court that the stipulation serves little purpose." Id. at 842. After Adams, a court will not inquire "into the motive behind a stipulation, and the likelihood that the strategy pursued will succeed." Id. Agreeing to the stipulation was, for Cook, a strategic choice and under the circumstances, it does not constitute a plea of guilty.
 
 B
 
 15
 Since the Boykin safeguards do not apply, Cook's conviction is valid only if he knowingly and voluntarily agreed to the stipulation. Id. at 843. "A stipulation of fact is valid and binding if the defendant understands the contents of the stipulation, the nature of the stipulated-facts trial, and the likelihood of a guilty finding." Id. at 844. "Factual findings underlying a court's conclusion of voluntariness are given deference in a habeas proceeding and reviewed for clear error on appeal. Deference is not accorded to a state court's determinations of mixed questions of law and fact or of purely legal questions, and thus the ultimate question of voluntariness is reviewed de novo." Id. at 843 (quoting Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988)).
 
 
 16
 The state judge found that "[p]etitioner's waiver of his rights to a jury trial and allowing a stipulated facts trial was a knowing, intelligent and voluntary act." The record supports this conclusion. Cook and his attorney each signed an express "Election to Waive Jury Trial." Cook's attorney testified that he explained the stipulation of fact procedure to Cook prior to signing and that Cook realistically understood his situation. At a deposition, taken in 1987 during the state habeas corpus proceeding, Cook testified that he knowingly chose to sign the stipulation to avoid prison and that, in retrospect considering his options at the time, he believed that he made a good decision. There is no evidence in the record indicating that Cook's waiver was not made intelligently and voluntarily.
 
 III
 
 17
 Cook argues that the district court erred in dismissing his claim that he waived his state trial rights due to ineffective assistance of counsel. Whether a defendant suffered ineffective assistance of counsel raises mixed questions of law and fact. A state court finding that counsel has rendered effective assistance is not binding on a federal court. See Sumner v. Mata, 455 U.S. 591, 597 (1984). However "the questions of fact that underlie this ultimate conclusion are governed by the statutory presumption ..." of correctness contained in 28 U.S.C. § 2254(d). Id. Thus whether the facts suffice to establish "the performance and prejudice components of the ineffectiveness inquiry" is a question reviewed de novo. United States v. Layton, 855 F.2d 1388, 1416 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 18
 A habeas corpus petitioner who challenges his conviction claiming ineffective assistance of counsel must demonstrate both that his attorney's representation was outside "the wide range of professionally competent assistance," and that this deficient legal representation prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-690 (1984). To determine whether legal assistance was deficient, the court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. Id. at 688. There is a strong presumption that counsel rendered adequate assistance. Id. at 689. To show prejudice, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 19
 Cook first argues that counsel was inadequate for failing to advise him of the probable consequences of waiving his right to a jury trial by agreeing to the proposed Stipulation of Fact. Although counsel may not have spelled out each consequence in detail, the record supports the district court's conclusion that defense counsel consulted with Cook about the different options available, acted on Cook's expressed wishes, and in no way misled Cook with respect to the consequences of the selected course of action.
 
 
 20
 Second, Cook argues that counsel's performance was deficient for failure to assure a proper competency determination. Cook notes that in Andrews v. United States, 403 F.2d 341 (9th Cir.1968), the court reversed a conviction where defense counsel improperly failed to request a determination of the defendant's competence. However, in Andrews, after the defendant disclosed at trial that he had been receiving disability benefits for mental illness, counsel inexplicably made no inquiry whatsoever into the defendant's competence. Id. at 344. Here, counsel did not ignore the fact that Cook's competence might possibly be a significant issue. The district court noted that "[p]etitioner's counsel believed that petitioner was competent based upon the attorney's own observations and discussions and based upon the May hearing where competency was reportedly discussed." The record shows that defense counsel made a proper inquiry into Cook's competence and drew reasonable conclusions from his findings.
 
 
 21
 Finally, Cook argues that he suffered ineffective assistance of counsel as a result of his attorney's failure to act as a true advocate in that he stands convicted of two Arson I charges of which he is not guilty. Cook notes that pursuant to Or.Rev.Stat. § 164.325, arson in the first degree is defined, in relevant part, as starting a fire or causing an explosion which damages the "protected property" of another. Cook argues that "protected property" does not, as a matter of law, include buildings which are usually empty at night. Therefore, as Cook's argument runs, by setting fire at night to a church and two schools, buildings which are normally used and occupied during the day, Cook could not be found guilty of Arson I.
 
 
 22
 Cook's assertion is neither plausible as a matter of common sense nor supported by the authorities which he cites. See State v. Perez, 13 Or.App. 288, 508 P.2d 833 (Or.Ct.App.1973); State v. Gibson, 42 Or.App. 575, 600 P.2d 962 (Or.Ct.App.1979). It is not clear that Cook was either improperly convicted of Arson I or that counsel was in any way deficient in his research or trial preparation. Rather, the record of Cook's counsel's work reflects counsel's competent efforts to make "strategic choices based upon discussions with petitioner and [act upon] petitioner's expressed wishes."
 
 
 23
 AFFIRMED.
 
 
 
 *
 Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3