329 S.E.2d 65

**STATE of West Virginia**

v.

**Verlon G. JONES.**

No. 16347.

Supreme Court of Appeals of
West Virginia.

Jan. 30, 1985.

Decided April 11, 1985.

Martin V. Saffer, Marlinton, Robert P. Martin, Charleston, for appellant.

Catherine McMullen and John Ernest Shank, Asst. Attys. Gen., Charleston, for appellee.

McHUGH, Justice:

This case is before this Court upon an appeal by the petitioner, Verlon G. Jones, from his conviction in the Circuit Court of

Pocahontas County, West Virginia, of the felony offense of arson in the first degree. *W. Va. Code*, 61–3–1 [1935]. In addition, the petitioner appeals from his sentence by that court to confinement in the penitentiary for life. That sentence was imposed under this State's habitual criminal statute, *W. Va. Code*, 61–11–18 [1943]. This Court has before it the petition, all matters of record and the briefs and argument of counsel.

## I

On November 25, 1982, a fire occurred in two cells of the Pocahontas County Jail. The fire was part of a disturbance at the jail during which two inmates, the petitioner and Paulmer Atkinson, refused to enter their cells to be "locked down for the night." The petitioner admits that he started the fire.[1]

After the fire began, the petitioner and Atkinson were removed from the scene. The record indicates that, ultimately, the fire was a "hot," "flaming" fire which produced "thick" and "massive" smoke. It was extinguished by a local fire department.

As a result of the fire, various mattresses, blankets, magazines and articles of clothing were destroyed. Furthermore, although the area of the jail involved in the fire was principally constructed of steel, the jail sustained smoke damage and damage to light fixtures. Paint upon the walls of the cells had "peeled off and burned." Moreover, the record indicates that certain metal bunk beds, later found to be warped, may have been warped as a result of the fire.

In March 1983 the petitioner was indicted for arson in the first degree. *W. Va. Code*, 61–3–1 [1935].[2] At trial, in June 1983, the

---

1. During the petitioner's arson trial, Assistant State Fire Marshall Jonathan G. Alfred, who examined the Pocahontas County Jail shortly after the fire, testified:

   Q. What did you find on your examination and investigation of the fire scene?
   A. I found that there was a fire in the rear-most cell block of the first floor of the structure. There were two (2) separate areas

   and two (2) cells that had burnt. These cells had not—they were separate fires. There were specifically three (3) points of origin I found, two (2) of these being in Cell Block 5, which is the further cell to the end of the cell block, and another point of origin in the next to the last cell block.

2. *W. Va. Code*, 61–3–1 [1935], provides:

State asserted that the petitioner started the fire to protest living conditions at the jail and, accordingly, intended a burning of the jail within the meaning of *W. Va. Code*, 61–3–1 [1935]. The petitioner, however, asserted that he never intended to burn the jail. Rather, the petitioner asserted that he merely desired to burn the personal property of Terry Schoolcraft, a fellow-inmate with whom the petitioner and Atkinson had a dispute.[3] The circuit court instructed the jury that they could return a verdict of guilty of arson in the first degree, guilty of arson in the fourth degree (attempt)[4] or not guilty. The jury found the petitioner guilty of arson in the first degree.

On August 10, 1983, the State, pursuant to this State's habitual criminal statute, *W. Va. Code*, 61–11–18 [1943],[5] filed an amended information with the Circuit Court of Pocahontas County which alleged that the petitioner was the same individual who, in 1983, had been convicted of arson in the first degree and who, in 1971 and 1976, had been convicted and sentenced upon felony offenses of breaking and entering. A trial was conducted upon that information, and the jury returned the following verdict: "We the jury find the defendant, Verlon G. Jones, to be the same person three times previously convicted of a felony as set forth in the information filed in this case." The petitioner was sentenced to confinement in the penitentiary for life.

In June 1984 we granted the petitioner's appeal to this Court.

## II

■■■ As a result of the petitioner's assertion that he merely desired to burn the personal property of fellow-inmate Schoolcraft, the petitioner contends, *inter alia*, that the circuit court committed error in not instructing the jury upon arson in the third degree, *W. Va. Code*, 61–3–3 [1957], as a lesser included offense under the indict-

Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.

3. The circuit court instructed the jury upon the petitioner's theory of the case. The circuit court told the jury: "[I]n order to find the defendant guilty [of arson], you must find from the evidence that he willfully and maliciously set the fire with the purpose and intention of setting the jail house on fire, and not merely for the purpose of setting personal property situate therein on fire."

4. *W. Va. Code*, 61–3–4 [1935], provides:

(a) Any person who wilfully and maliciously *attempts to set fire to*, or *attempts to burn* or to aid, counsel or procure the burning of any of the buildings or property mentioned in the foregoing sections, or who commits any act preliminary thereto, or in furtherance thereof, shall be guilty of arson in the fourth degree and upon conviction thereof be sentenced to the penitentiary for not less than one nor more than two years, or fined not to exceed one thousand dollars.

(b) The placing or distributing of any inflammable, explosive or combustible material or substance, or any device in any building or property mentioned in the foregoing sections, in an arrangement or preparation with intent to eventually, wilfully and maliciously set fire to or burn same, or to procure the setting fire to or burning of same shall, for the purposes of this section constitute an attempt to burn such building or property.

5. *W. Va. Code*, 61–11–18 [1943], provides:

When any person is convicted of an offense and is subject to confinement in the penitentiary thereof, and it is determined, as provided in section nineteen of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

See also *W. Va. Code*, 61–11–19 [1943].

ment.[6] We thus consider the question of whether arson in the third degree is a lesser included offense of arson in the first degree. *W.Va.Code*, 61–3–3 [1957], provides:

> Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property of any class or character, (such property being of the value of not less than fifty dollars and the property of another person), shall be guilty of arson in the third degree and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years.

This Court in *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), held in syllabus point 1:

The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

*See also* syl. pt. 5, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981).

█ In *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982), we applied the above test of *Louk* and determined that larceny is a lesser included offense of robbery. 170 W.Va. at 668, 295 S.E.2d at 908. In discussing in *Neider* the determination of lesser included offenses, we stated:

The question whether a defendant is entitled to an instruction on a lesser in-

---

6. We find the petitioner's additional assignments of error to be without merit.

First, the petitioner notes that shortly after the fire and the examination by the Assistant State Fire Marshall, the cell block was cleared of debris and cleaned, all prior to the appointment of defense counsel. The petitioner asserts that, consequently, he lost an opportunity to inspect the damaged premises, and, thus, evidence "as to the extent of the fire and its damage" was improperly admitted during the arson trial. We are of the opinion, however, that the petitioner has failed to go beyond speculation as to how he was prejudiced by the clean-up of the cell block, particularly in view of the petitioner's admission that he intentionally started the fire. In *Lahrman v. State*, 465 N.E.2d 1162 (Ind.App. 4th Dist.1984), the defendant, challenging his conviction of arson, alleged that exculpatory evidence had been destroyed, where the floor of the building in question had been cleared of debris and washed down after a fire and explosion. The Court of Appeals of Indiana, however, affirmed the conviction. Indicating that the defendant's assertions concerning the clean-up were speculative, the court stated that the defendant had presented nothing which demonstrated "a significant possibility exculpatory evidence existed and was lost." 465 N.E.2d at 1165.

Second, the petitioner asserts that the circuit court committed error in refusing to permit the jury to be informed during the arson trial that the petitioner faced the possibility of confinement in the penitentiary for life, if convicted. Such an assignment of error, however, was rejected by the United States District Court for the Northern District of West Virginia in *United States ex rel. Clark v. Skeen*, 126 F.Supp. 24, 26 (N.D.W.Va.1954). Moreover, the trial judge rea-

soned in the case before this Court: "[The petitioner] has not been charged under the recidivist act. There is no information pending and can be none until he is convicted of this [arson] offense." [transcript—arson trial—at 42].

Third, the petitioner asserts that he was entitled to a verdict of acquittal at the close of the State's case-in-chief because the State failed to sufficiently establish a "burning" of the Pocahontas County Jail within the meaning of the arson in the first degree statute, *W.Va.Code*, 61–3–1 [1935]. In syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978), we held:

In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

An annotation entitled "What Constitutes 'Burning' to Justify Charge of Arson" appears at Annot., 28 A.L.R.4th 482 (1984).

Upon a careful examination of the record, particularly with regard to the evidence of smoke damage, damage to paint and light fixtures and possible damage to metal bunk beds, we find the petitioner's assignment of error concerning the sufficiency of the evidence to be without merit. This assignment of error must be viewed, however, in light of the circuit court's refusal to instruct the jury upon the offense of arson in the third degree, as a lesser included offense under the indictment.

cluded offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense.

. . . .

The second inquiry is a factual one which involves a determination by the trial court if there is evidence which would tend to prove such lesser included offense.

170 W.Va. at 664–665, 295 S.E.2d at 904, 905.

Applying the above principles to the case before this Court, we conclude, for the reasons stated below, that arson in the third degree is a lesser included offense of arson in the first degree. Furthermore, upon a careful examination of the evidence submitted during the petitioner's arson trial, we are of the opinion that the petitioner was entitled to an instruction upon arson in the third degree as a lesser included offense under the indictment.

In *State v. Gibson*, 42 Or.App. 575, 600 P.2d 962 (1979), the Court of Appeals of Oregon considered a statute which provided that arson in the first degree consisted of the intentional damage by fire or explosion of the "protected property" of another. "Protected property" referred to any "structure, place or thing customarily occupied by people." The court also considered a statute which provided that arson in the second degree consisted of the intentional damage by fire or explosion of "any building of another that is not protected property."

The defendant in *State v. Gibson* was convicted of arson in the first degree. However, after reviewing the evidence, the Court of Appeals determined that the trial court committed error in not instructing the jury upon arson in the second degree, "as a lesser included offense." The defendant was awarded a new trial. The Court of Appeals stated: "Every element of arson in the second degree is included in the

statutory definition of arson in the first degree except for the element of 'protected property.' The resolution of the question raised by that distinction is a question of fact." 600 P.2d at 964.

*But cf. Commonwealth v. Williams*, 299 Pa.Super. 278, 445 A.2d 753 (1982).

■ In this State, the offenses of first, second[7] and third degree arson are set forth in separate statutes, and the degree of arson is determined by the type of property involved. Arson in the first degree involves "any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another. . . ." *W.Va.Code*, 61–3–1 [1935]. Arson in the second degree involves "any building or structure of any class or character, whether the property of himself or of another, not included or prescribed in the preceding section [*W.Va. Code*, 61–3–1 [1935]]. . . ." *W.Va.Code*, 61–3–2 [1935]. Arson in the third degree involves "any personal property of any class or character, (such property being of the value of not less than fifty dollars and the property of another person). . . ." *W.Va.Code*, 61–3–3 [1957].

However, except for the penalties to be imposed and the distinctions as to type of property involved, the above arson statutes are identical. The first, second and third degree arson statutes each apply to "[a]ny person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of . . ." certain property. Moreover, the distinctions as to type of property, relevant to determining the degree of arson, are of little significance under the arson in the fourth degree (attempt) statute, *W.Va. Code*, 61–3–4 [1935]. Under that statute, "[a]ny person who wilfully and maliciously attempts to set fire to, or attempts to burn or to aid, counsel or procure the burning of *any of the buildings or property* . . ."

7. *W.Va.Code*, 61–3–2 [1935], provides:

Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any building or structure of any class or character, whether the property of himself or of

another, not included or prescribed in the preceding section [*W.Va.Code*, 61–3–1 [1935]], shall be guilty of arson in the second degree, and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years.

mentioned in the first, second or third degree arson statutes, shall be guilty of arson in the fourth degree. (emphasis added). *See* n. 4, *supra.* Arson in the first, second or third degree each require for their existence a wilful and malicious setting of fire to or burning of property. We therefore conclude that the petitioner was correct in asserting that arson in the third degree is a lesser included offense of arson in the first degree.

 Furthermore, the record in this case clearly indicates that the petitioner was entitled to an instruction upon arson in the third degree, as a lesser included offense under the indictment.[8] The evidence was in direct conflict. The jury could have found that the petitioner intended to burn the jail within the meaning of the arson in the first degree statute. However, the jury could also have found that the petitioner desired only to burn the personal property of Schoolcraft. There is no dispute in the record that the petitioner started the fire by igniting personal property. As we stated in *State v. Neider, supra:* "It seems quite logical to require some evidentiary conflict or evidentiary insufficiency as to the elements of the greater offense which differ from the elements of the lesser included offense in order to require the giving of a lesser included offense instruction." 170 W.Va. at 666, 295 S.E.2d at 906.

This Court holds that arson in the third degree, *W.Va.Code*, 61–3–3 [1957], is a lesser included offense of arson in the first degree, *W.Va.Code*, 61–3–1 [1935]; thus, where a criminal defendant, an inmate of a county jail, admitted at trial that he started a fire in his cell block, and the evidence at trial was in conflict as to whether he in-

tended to burn the jail within the meaning of this State's arson in the first degree statute, *W.Va.Code*, 61–3–1 [1935], or intended to burn the personal property of a fellow-inmate within the meaning of this State's arson in the third degree statute, *W.Va.Code*, 61–3–3 [1957], the defendant, indicted for arson in the first degree, was entitled to an instruction upon arson in the third degree, as a lesser included offense under the indictment.

Accordingly, upon all of the above, the judgment of conviction of the petitioner upon the felony offense of arson in the first degree is hereby reversed, and this case is remanded to the Circuit Court of Pocahontas County for proceedings consistent with this opinion. Furthermore, in reversing that judgment of conviction, we hereby set aside the finding of the jury against the petitioner under the habitual criminal statute, *W.Va.Code*, 61–11–18 [1943].[9]

Reversed and remanded.

---

8. The petitioner further asserts that he was entitled to an instruction upon the misdemeanor offense of destruction of property, as a lesser included offense under the indictment. *W.Va. Code*, 61–3–30 [1975], provides, in part:

   If any person unlawfully, but not feloniously, take and carry away, or destroy, injure or deface any property, real or personal, not his own, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than five hundred dollars, or imprisoned in the county jail not more than one year, or both fined and imprisoned.

   Although the offense of destruction of property may be a lesser included offense of arson, the

evidence at the petitioner's arson trial, in terms of his conduct on the night in question and the extent of the damage caused by the fire, did not warrant the giving of such an instruction. We leave that issue, however, for consideration by the circuit court in the event of retrial of the petitioner.

9. As a result of our reversal of the petitioner's judgment of conviction of arson in the first degree, we need not address the issues raised by the petitioner concerning the habitual criminal proceedings.