338 S.E.2d 227

**STATE of West Virginia**

v.

**James C. COX.**

**No. 16535.**

Supreme Court of Appeals
of West Virginia.

Dec. 17, 1985.

748

Randall C. Levine, Buckhannon, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Atty. Gens' Office, Charleston, for appellee.

PER CURIAM.

The appellant, James C. Cox, appeals from a final order of the Circuit Court of Upshur County, entered February 7, 1984, which sentenced him to two consecutive terms of imprisonment for not less than one nor more than five years upon his conviction of two separate counts of sexual abuse in the first degree. The only issue raised on appeal is whether the trial court erred in refusing to allow the jury to consider the crime of sexual misconduct as a lesser included offense. We find no error in the trial court's ruling, and we affirm.

In the early morning hours of April 29, 1983, the appellant entered an apartment in Buckhannon, Upshur County, occupied by two female students at West Virginia Wesleyan College. According to the testimony of the two students, they were asleep in the bedroom they shared and awoke to find the appellant there. When one of the girls screamed, the appellant forced her down on the bed and stated that he had a gun and would shoot them if they tried to get away. The appellant then engaged in sexual intercourse with each of the girls, one at a time, threatening to shoot one if the other tried to escape. Eventually, the appellant fell asleep on top of one of the victims, and the other ran to a neighbor's house where she called the police. The officers who responded to the call found the appellant still lying on top of the victim. No gun was found.

The appellant testified at trial that he had been invited into the victims' residence to spend the night by a stranger he met on the streets of Buckhannon and with whom he had been drinking. The appellant testified that he was extremely intoxicated and remembered nothing of the events in question except entering the apartment and being asked a question by one of the girls.

At the close of the evidence, the State offered an instruction which informed the jury of the elements of the crimes of sexual assault in the first degree, sexual assault in the second degree, sexual abuse in the first degree and sexual misconduct. The State also offered a separate instruction informing the jury it could return a verdict of guilty for any one of those crimes or a verdict of not guilty with respect to each of the victims. The circuit court modified the instructions to delete any reference to the crimes of sexual assault in the second degree and sexual misconduct.[1] No countervailing instructions were offered by the defense. After the case was submitted to the jury, defense counsel objected to omission of the verdict of guilty of sexual misconduct from the verdict form. The objection was overruled on the ground that such verdict was not appropriate. On January

---

1. The appellant contends that defense counsel objected to these deletions and adopted the State's instructions as those of the defense. These matters do not appear in the record before this Court.

25, 1984, the jury returned a verdict finding the appellant guilty of two counts of sexual abuse in the first degree.

The appellant's only assignment of error is that the trial court erred in refusing to allow the jury to consider a verdict of guilty of the lesser offense of sexual misconduct. The appellant contends that because sexual misconduct is a lesser included offense of sexual assault in the first degree, he was entitled to have the jury consider the matter.

In *State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982), we held that the issue of whether an accused is entitled to an instruction on a lesser included offense requires a two-part analysis:

The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. Our standard test for this inquiry is contained in Syllabus Point 1 of *State v. Louk,* 169 W.Va. 24, 285 S.E.2d 432 (1981):

'The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.' [footnote omitted]

*See State v. Daggett,* 167 W.Va. 411, 280 S.E.2d 545 (1981); *State v. Bailey,* [159 W.Va. 167], 220 S.E.2d 432 (1975).

The second inquiry is a factual one which involves a determination by the trial court if there is evidence which would tend to prove such lesser included offense.

170 W.Va. at 665, 295 S.E.2d at 904–905. *See also State v. Jones,* 174 W.Va. 700, 329 S.E.2d 65 (1985); *State v. Wyer,* 173 W.Va. 720, 320 S.E.2d 92 (1984). This same standard has been applied where it is the verdict forms submitted to the jury which are challenged by the accused rather than the propriety of the instructions. *See State v. Curtin,* 175 W.Va. 318, 332 S.E.2d 619 (1985); *State v. Cabalceta,* 174 W.Va. 240, 324 S.E.2d 383 (1984).

The State seems willing to concede that under the sexual offenses statute in effect at the time this offense was committed, W.Va.Code § 61–8B–1 *et seq.* [1976], the misdemeanor offense of sexual misconduct was a lesser included offense of the crime of sexual assault in the first degree.[2] *See State v. Reed,* 166 W.Va. 558, 276 S.E.2d 313 (1981). The only issue then is whether the evidence required the court to submit the issue of the appellant's guilt of the offense of sexual misconduct to the jury. In *Neider,* we held that the focus of this second inquiry is on "those elements of the greater offense which are different from the elements of the lesser offense" 170 W.Va. 665, 295 S.E.2d at 905. "Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction." *Id.* at Syllabus Point 2.

Here the focus of the inquiry is on the element of "forcible compulsion," which is an element of the crimes of first degree sexual assault and first degree sexual abuse, but not of the offense of sexual misconduct.[3] W.Va.Code § 61–8B–1(1) [1976] defines "forcible compulsion" as:

(a) Physical force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or

(b) *Threat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or to another person* or in fear that he or another person will be kidnapped. (Emphasis added).

A person is guilty of sexual misconduct when he engages in sexual intercourse with another person without the latter's consent or engages in sexual intercourse with another person knowing that such person mistakenly supposes that he is a third person.

**2.** The crime of sexual misconduct has since been abolished by the Legislature. *See* 1984 W.Va.Acts ch. 56.

**3.** W.Va.Code § 61–8B–9(a) [1976] defined sexual misconduct as follows:

The State's evidence in this case showed that the victims were induced to engage in sexual intercourse with the appellant by his threats to shoot one or the other of them if they tried to get away. The appellant offered no evidence to contradict this testimony, testifying only that as a result of his intoxication, he did not remember having made such threats. We conclude that under *Neider*, this was an insufficient showing to entitle the appellant to have the lesser offense of sexual misconduct submitted to the jury.

Accordingly, we affirm the judgment of the Circuit Court of Upshur County.

Affirmed.