358 S.E.2d 826

**STATE of West Virginia**

v.

**Chester M. DELLINGER.**

**No. 17270.**

Supreme Court of Appeals of
West Virginia.

June 30, 1987.

Harry G. Deitzler, Pros. Atty., Parkersburg, for appellant.

---

Richard A. Bush, Bush & Trippel, Parkersburg, for appellee.

PER CURIAM:

The defendant, Chester M. Dellinger, Jr., was convicted by a jury in the Circuit Court of Wood County of first degree sexual assault. Following the circuit court's denial of his motion to set aside the verdict and award a new trial, he was sentenced to ten years in the penitentiary. After serving three years of that sentence, defendant was returned to the Circuit Court of Wood County where his previous sentence was set aside as being erroneous and he was resentenced to an indeterminate term of from ten to twenty years in the penitentiary.

In an indictment returned in July, 1977, the defendant was charged with sexually assaulting an eight-year old girl in May, 1977, by forcing her to perform oral sex on him. At trial the victim, who was living with her grandmother at the time of the assault, testified that she went next door to the defendant's home around dusk to retrieve a frisbee she had left there earlier in the day when she was playing with the defendant's son and daughter. The defendant's daughter invited her into the kitchen whereupon the defendant called her into his bedroom which was adjacent to the kitchen saying he had something to show her. When she entered the room, the defendant was sitting in a reclining chair. He told her to close her eyes and that he had a "secret candy machine" to show her. The defendant then placed her hands on his penis and told her to put her mouth on it. When she refused, he put his hand on her head and pushed her down to his penis. The victim testified that her eyes were still closed at this point. She could not remember how long the contact lasted but when she left, the defendant told her to "keep it a secret," and that if she would come back he would show her an "even prettier candy machine." She retrieved her frisbee and left by the back door and went home to her grandmother's house. The victim admitted that the defendant's daughter was in the kitchen adjacent to the room where the assault took place when she arrived at the house and was still there when she left.

At trial the victim's grandmother testified that she was acquainted with the defendant and that he lived two houses away from where she lived. She could not, however, identify the defendant during the trial which took place five years after the incident. The grandmother substantiated the victim's story of the forgotten frisbee and testified that when the victim returned home with the frisbee she was nervous and upset. She told her grandmother what had happened at the defendant's house and the grandmother called the police.

Additional evidence from the State consisted of the testimony of the two detectives who arrested the defendant. Following an *in camera* hearing in which the detectives testified about the circumstances under which it was taken, the court allowed a written statement made by the defendant on the night of his arrest into evidence. In the statement, the defendant denied that he had asked the victim to come into his bedroom although he admitted she was there; he admitted that he had "her to touch and play with" his penis and had guided her hands but he denied asking her to place her mouth on his penis. In response to a question of whether the victim ever placed her mouth on his penis, the defendant answered, "I can't honestly say." In addition to the written statement, Detective D.E. Hale testified about an oral statement made by the defendant. The substance of that statement was basically the same as the written statement.

The defendant's daughter, who was thirteen years old in 1977, testified that the victim was only in her father's bedroom for about one minute and that she did not hear her father invite the victim into the room. She further testified that there was no curtain or door separating the kitchen from the bedroom and that she could see into the room from where she was standing in the kitchen washing dishes. When the victim left the house that evening by the front door, the daughter noticed nothing unusual about her condition and thought she looked as happy as when she arrived.

The defendant took the stand and denied that he had assaulted the victim. He testified that he was sitting in a chair in his bedroom when a frisbee the victim had thrown landed in his lap. When she came into the room to retrieve the frisbee, she accidentally touched his "private parts and made such a big thing about it," becoming very embarrassed. He testified that no conversation took place while she was in the room, and denied that her mouth was on him at any time.

With regard to the statement he gave the police, the defendant testified that he did not realize that he was making an incriminating statement. On cross-examination, he testified that he had been so confused on the night he was arrested that he might have told the interrogating detective that "the moon was made out of cheese."

The final witness called in the defendant's behalf was his son who testified that he had observed nothing unusual about the victim when he saw her in the house after the alleged assault.

The defendant assigns several errors, but we feel that discussion is warranted with regard only to one because it disposes of this case. The primary error is that the court failed to give an instruction permitting the jury to find the defendant guilty of sexual abuse in the first degree.[1]

In syllabus point 1 of *State v. Wyer*, 173 W.Va. 720, 320 S.E.2d 92 (1984), we discussed instructions on lesser included offenses:

> The determination of whether a defendant is entitled to instructions on lesser included offenses involves a two-part inquiry. The first question centers on a legal issue of whether the charge against a defendant contains lesser included offenses. This is resolved by applying the principle contained in Syllabus Point 1 of *State v. Louk*, [169] W.Va. [24], 285 S.E.2d 432 (1982):

> 'The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.'

The other inquiry is factual and is summarized in Syllabus Point 2 of *State v. Neider*, [170] W.Va. [662], 295 S.E.2d 902 (1982):

> 'Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction.'

Application of this two-part test to the facts of the instant case compels the conclusion that the defendant was entitled to an instruction on sexual abuse in the first degree. First, it is legally impossible to commit the first degree sexual assault charged in this case[2] without committing sexual abuse in the first degree.[3] As we stated in *State v. Wyer, supra*, the hallmark of first degree sexual abuse is sexual contact, rather than sexual intercourse. One cannot, however, commit intercourse without sexual contact since intercourse necessarily involves contact. In the defendant's statement, which was admitted into evidence, the defendant admitted that he had guided the victim's hands to "touch and play with" his penis. In addition, the victim testified that the defendant placed

---

1. The defendant also contends that the court erred in failing to make a finding regarding his competency to stand trial, that the court erred in finding that statements by him to police officers were made voluntarily, that the court erred in denying his motion for acquittal at the conclusion of the State's case, that the court erred in correcting his original sentence, and that he was denied effective assistance of counsel.

2. The defendant was indicted under former *W.Va.Code*, 61–8B–3(3) [1976] which states in part: "(a) A person is guilty of sexual assault in the first degree when: (3) He, being fourteen years old or more, engages in sexual intercourse with another person who is incapable of consent because he is less than eleven years old."

3. Former *W.Va.Code*, 61–8B–6(3) [1976] states in part: "(a) A person is guilty of sexual abuse in the first degree when: (3) He, being fourteen years old or more, subjects another person to sexual contact who is incapable of consent because he is less than eleven years old."

her hands on his penis. This evidence warranted an instruction on sexual abuse. Further, there are no elements in the sexual abuse statute not required for first degree sexual assault under *W.Va. Code*, 61–8B–3(3) [1976]. Second, the defendant testified that he did not assault the victim, and that any touching was done accidentally by her. He denied that he placed the victim's mouth on his penis. No greater conflict in the evidence can exist in the face of the victim's testimony. In view of this conflict, the jury should have been instructed on sexual abuse in the first degree under syllabus point 2 of *State v. Neider, supra.*

We note that defendant's counsel neither requested nor offered an instruction on sexual abuse. He did, however, raise the issue in his motion to set aside the verdict and award a new trial. "Under Rule 30, *W.Va.R.Crim.P.* ... an alleged error must be raised in the trial court to be considered on appeal and unless a particular instruction is fundamental to a defendant's theory of the case, the trial court is not required to act *sua sponte*." *State v. Schofield,* 175 W.Va. 99, 331 S.E.2d 829 (1985).

In the instant case, we believe that an instruction on sexual abuse was justified under the evidence and was fundamental to the defendant's case. The failure of defense counsel, who is not defendant's counsel on appeal, to offer a sexual abuse instruction was such plain error that the trial court ought to have intervened to avoid clear prejudice to the defendant. *See, State v. Dozier,* 163 W.Va. 192, 255 S.E.2d 552 (1979).[4]

Accordingly, the judgment of the Circuit Court of Wood County is reversed and the case is remanded for a new trial.

Reversed and Remanded.

---

**4.** This case is distinguished from *State v. Bartlett,* 177 W.Va. 663, 355 S.E.2d 913 (1987) where we held that, in the absence of a request by defense counsel, the court was not obliged to give an instruction on a lesser included offense. In that case we found that the defendant, who was charged *inter alia* with causing a death while driving under the influence of alcohol, made a strategic choice not to offer a lesser included offense instruction in the hope that he would be convicted of nothing greater than driving under the influence of alcohol. Clearly, there was no such strategic move in this case; counsel merely failed to offer a proper instruction.