546 S.E.2d 453

STATE of West Virginia, Plaintiff below, Appellee,

v.

Chester R. GIBSON, Defendant below, Appellant.

No. 28725.

Supreme Court of Appeals of West Virginia.

Submitted April 3, 2001.

Decided April 26, 2001.

Darrell V. McGraw, Jr., Attorney General, Heather D. Foster, Assistant Attorney General, Charleston, for Appellee.

William O. Merriman, Jr., Cosenza, Underwood & Merriman, Parkersburg, for Appellant.

PER CURIAM:

## I.

In the instant case, the appellant argues that his conviction on a charge of possession of a controlled substance with the intent to deliver should be reversed because the circuit court refused to instruct the jury on the lesser included offense of simple possession. He also argues that there was legally insufficient evidence to convict him on the charge of possession with intent to deliver.

## II.

■ Syllabus Point 1 of *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985), states:

> The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense.

■ A review of the facts of the instant case is unnecessary, because the State concedes that possession with the intent to deliver includes the elements of simple possession; and that there was evidence at the

274

appellant's trial which, viewed in the light most favorable to the appellant, would tend to prove the lesser included offense of simple possession.

We have independently reviewed the record and agree with the State and the appellant that the appellant was entitled to have the jury instructed on the lesser included offense; and that the circuit court's refusal to do so was reversible error. The defendant's conviction must be reversed.

The defendant's second alleged error is that there was insufficient evidence to support a finding of guilty. Upon a review of the evidence, we find that a jury might have found the defendant guilty of the charge of possession of a controlled substance with the intent to deliver, or guilty of the lesser included offense of simple possession. The prosecution is, therefore, not barred from retrying the defendant, this time with the lesser included offense instruction of simple possession being given.

### III.

The appellant's conviction is reversed and this case is remanded to the circuit court.

Reversed and Remanded.