**State of West Virginia,**
**Plaintiff Below, Respondent**

vs.)  **No. 19-0327** (Upshur County 18-F-47)

**Brice Anthony Braxton,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Brice Anthony Braxton, by counsel James E. Hawkins Jr., appeals the Circuit Court of Upshur County's March 1, 2019, sentencing order following his convictions for possessing a stolen vehicle, fleeing in a vehicle, reckless driving, fleeing on foot, and obstructing a law enforcement officer. Respondent the State of West Virginia, by counsel Scott E. Johnson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2018, Richard Lee Hovatter owned a silver 2016 GMC model 1500 truck, which was equipped with OnStar. On March 11, 2018, Mr. Hovatter's brother had the truck at his home with Mr. Hovatter's permission. When Mr. Hovatter's brother realized that the truck was missing, he called 9-1-1 and then called Mr. Hovatter. Mr. Hovatter called OnStar to track the truck. Later that evening, Deputy Chidester of the Upshur County Sheriff's Department received a "be on the lookout" ("BOLO") for the truck that was believed to be traveling on Route 33 toward Buckhannon. Deputy Chidester traveled to Route 33 where he watched traffic until he saw a truck that matched the BOLO description. He pulled behind the truck and confirmed that the license plate matched the one in the BOLO. The deputy activated the blue lights on his cruiser, but the driver did not pull over so the deputy activated his siren. However, the truck continued on. The truck took the off ramp toward Route 20 followed by the deputy. By this time, Patrolman O'Connor of the Buckhannon Police Department was in his cruiser at the bottom of the ramp with his lights and siren activated. The truck continued around Officer O'Connor's cruiser using the wrong lane, with the deputy still in pursuit. The pursuit continued with the deputy continuing to use his lights and siren until the truck pulled into a hospital emergency room entrance area. When the driver of

1

the vehicle opened his door, the deputy did the same, but the driver took off on foot into the hospital and the deputy pursued.

When the deputy caught up with the driver, the driver initially cooperated by going to the floor and putting his hands behind his back. However, when Officer O'Connor joined them and the officers tried to handcuff the driver, the driver "rolled over on his side and started screaming, and that's when the fight ensued." The officers were eventually able to subdue the driver, and Deputy Chidester identified the driver as petitioner. After the truck was recovered by police, Mr. Hovatter affirmed that he did not give petitioner permission to take the truck that evening.

In May of 2018, petitioner was indicted by a grand jury of possessing a stolen vehicle, fleeing in a vehicle, reckless driving, fleeing on foot, obstructing a law enforcement officer, and two counts of battery on a law enforcement officer (one related to the deputy sheriff and one related to the Buckhannon Police Officer). During trial, petitioner requested that the circuit court instruct the jury on joyriding as a lesser included offense of possession of a stolen vehicle, but the circuit court denied that request.

At the conclusion of the trial, petitioner was acquitted of the battery charges but convicted of the remaining counts. The circuit court ordered a presentence investigation, which was performed by a probation officer. On March 1, 2019, the circuit court entered its sentencing order sentencing petitioner to the following: (1) 270 days for misdemeanor fleeing in a vehicle, with 338 days credit for time served; (2) 20 days for reckless driving; (3) 21 days for fleeing on foot; (4) 365 days for obstructing an officer; and (5) one to five years for possessing a stolen vehicle. Each of the sentences were to run consecutively to one another. Petitioner's counsel moved to suspend the sentences, but the circuit court denied the motion for alternative sentencing. Petitioner appeals from that order.

On appeal, petitioner asserts three assignments of error. First, he argues that there was insufficient evidence to support his convictions for fleeing in a vehicle, fleeing on foot, obstructing an officer, and possessing a stolen vehicle.[1] As this Court has long held,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

---

[1] Petitioner specifically "concedes that there was sufficient evidence for [the charge of reckless driving] to go to the jury."

Syl. Pt. 4, *State v. Guthrie,* 194 W. Va. 657, 461 S.E.2d 163 (1995). In addition, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Further, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* However, in this assignment of error, petitioner references only the *Guthrie* standard and cites only his motion for judgment of acquittal before the circuit court. Thus, he fails to cite to any cases related to the sufficiency of the evidence for any of the convictions he challenges or to any portions of the record that contain the testimony he alleges occurred. Therefore, we decline to address the merits of petitioner's first assignment of error.

Petitioner next contends that the imposition of sentence was excessive and based upon impermissible factors so it should be reversed. Petitioner argues that his lack of a prior felony record, his lack of a history of criminal convictions for misdemeanor crimes of violence, and the arguments presented at sentencing supported his request for an alternative sentence. He contends that the circuit court erred by sentencing him to a term of incarceration based upon the record before the circuit court and that if the court needed further information it could have continued the sentencing hearing. However, he does not identify what additional information may have been helpful to the circuit court's determination of his sentence. Further, while he attributes quotes to the circuit court, he fails to cite to the record, again disregarding the requirements of Rule 10(c)(7).

This Court reviews sentencing orders "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, [in part,] *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, in part, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010). Further, "'sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Eilola*, 226 W. Va. at 699, 704 S.E.2d at 699, syl. pt. 1. Petitioner fails to cite any cases that support his position that the circuit court's consideration of his failure to cooperate with the probation officer's presentence investigation was an impermissible factor. He also does not dispute that each of the sentences imposed by the circuit court were within the statutory guidelines. We must also consider our holding that

> ""[w]hen a defendant has been convicted of two separate crimes, before

3

sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 3, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 27 (2016). Therefore, it was within the circuit court's discretion to run petitioner's sentences consecutively to each other, and we find no error in that decision.

Finally, petitioner asserts that the circuit court erred by refusing to instruct the jury as to the unlawful taking of a vehicle/joyriding, which he contends is a lesser included offense of possessing a stolen vehicle. Without citing to the record, petitioner contends that he testified he was in fear of gunshots and took the vehicle to escape "the situation he found himself in." He also denies any intent to deprive the owner of the vehicle and, therefore, argues that he was entitled to an instruction on the lesser included offense.

The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider,* W.Va., 295 S.E.2d 902 (1982).

Syl. Pt. 1, *State v. Jones*, 174 W. Va. 700, 329 S.E.2d 65 (1985). We need only address the first portion of this test because it is dispositive of our assessment of this assignment of error. The relevant statutes are West Virginia Code §§ 17A-8-4 (unlawful taking of vehicle/joyriding) and 17A-8-5 (receiving or transferring a stolen vehicle/possessing a stolen vehicle):

(a) Any person who drives a vehicle, not his or her own, without consent of the owner thereof, and with intent temporarily to deprive said owner of his or her possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving, is guilty of a misdemeanor.

(b) Any person violating the provisions of this section is, for the first offense, guilty of a misdemeanor . . . .

W. Va. Code § 17A-8-4, in part.

Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives, or transfers possession of the same from or to another, or who has in his possession any vehicle

4

which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony.

W. Va. Code § 17A-8-5.

While petitioner asserts that "possession" and "driving" are synonymous in this case because petitioner possessed Mr. Hovatter's truck by driving it, under *Jones* and *Louk*[2] a court looks only to the statutory elements of the crimes rather than how the crime was committed in determining whether one offense is a lesser included offense of another. *See State v. Wilkerson*, 230 W. Va. 366, 370-71, 738 S.E.2d 32, 36-37 (2013) ("Upon review, we decline to adopt the approach advanced by the petitioner and utilized by a minority of jurisdictions whereby each case is considered individually to determine whether the evidence adduced at trial supports a lesser included instruction. This Court has always applied the strict elements test as set forth in syllabus point one of *Louk* to determine whether a lesser included instruction is warranted."). Petitioner has failed to show that these statutes satisfy the *Jones* test, which would entitle him to an instruction for joyriding. Therefore, we find that the circuit court did not err in denying petitioner's request.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2] *State v. Louk*, 169 W. Va. 24, 285 S.E.2d 432 (1981).