# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 22-0355** (Berkeley County CC-02-2018-F-149 and CC-02-2021-F-220)

**Joseph Stephens,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joseph Stephens appeals the Circuit Court of Berkeley County's April 7, 2022, sentencing order following his convictions for two counts of second-degree sexual assault and five counts of battery.[1] Petitioner argues, first, that the jury should have been instructed on first-degree sexual abuse as a lesser included offense of second-degree sexual assault and, second, that he should have been permitted to question his victim, K.J., regarding her knowledge of him. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

At petitioner's trial, K.J. testified that, in February 2018, at the request of a third party, she walked with petitioner, whom she knew of but did not know "personally," to his home to assist him with his daughter, whom K.J. did know. While the two were walking, petitioner told K.J. that he was going "to 'eff'" her. K.J. replied, "No, you're not," which, according to K.J., caused petitioner to become "a little agitated." Petitioner punched K.J., pushed her to her knees, "pulled his penis out and tried to insert it into [her] mouth," and then pulled her pants down and "tried to put his penis in [her]." K.J. confirmed that petitioner succeeded in forcing his penis into her mouth[2] and her vagina, and she testified that she did not consent, repeatedly telling petitioner "no" as he choked her and threatened to kill her.

Petitioner stopped his attack when a man, who heard K.J.'s screams, came to the area to render assistance. The man, Christopher Yates, was recording the attack on his cell phone as he approached, and the video of petitioner's assault was entered into evidence. The video shows

---

[1] Petitioner appears by counsel Gary A. Collias, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Katherine M. Smith. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Indeed, later testing revealed K.J.'s saliva on petitioner's penis.

petitioner with his pants down thrusting against a woman on the ground who is yelling "stop it" and asking, "Why are you doing this to me?" As the camera (and Mr. Yates) gets closer, petitioner stops his assault, pulls his pants up over his obvious erection, and walks away. K.J. is seen pulling her pants up and thanking Mr. Yates for intervening.

K.J. underwent a sexual assault examination the morning following the assault. The sexual assault nurse examiner ("SANE") who conducted the exam testified that K.J. told her that petitioner "attempted to insert his penis into her vagina but was unsuccessful," and the SANE's notes from the examination reflect that K.J. said that petitioner "was not able to f[*]ck me but he did put his thing in my mouth." Following the SANE's questioning of K.J. during the exam, however, it became clear that petitioner penetrated K.J. with his penis both vaginally and orally, and the SANE, consequently, documented that penetration in her notes.[3] The SANE did not observe any findings associated with a sexual assault, but she testified that that "is common" and does not mean that a sexual assault did not occur.

In explaining her statement to the SANE that petitioner was "not able to f[*]ck" her, K.J. testified that she meant that petitioner "could not obtain an erection" and did not "finish." But she maintained that petitioner penetrated her.

During petitioner's cross-examination of K.J., he sought "leeway" to question her about denying knowing petitioner "personally" without running afoul of Rule 412 of the West Virginia Rules of Evidence.[4] The court granted that leeway. K.J. continued to maintain that she did not know petitioner, but she reiterated that she knew petitioner's daughter and testified that she cleaned for and helped petitioner's father. She also testified that she lived with petitioner's daughter in a home that she "think[s]" was "probably" petitioner's home. Although K.J. did not recall seeing petitioner at either his father's house or the one occupied by his daughter, she acknowledged the "possibility" that he "could have been" there while she was there. Dissatisfied with the extent of K.J.'s responses to this line of questioning, petitioner informed the court at a sidebar that he had a witness who could testify that K.J. met petitioner before the assault and stayed at his home, but he elected to "move forward" from questioning K.J. on the topic. The court prohibited petitioner from calling that witness, and he objected to that ruling. Petitioner also asserted that he had a picture of K.J. from the time she lived in petitioner's home.[5]

Before the jury began its deliberations, the court denied petitioner's request for a jury instruction on first-degree sexual abuse as a lesser included offense of second-degree sexual assault. Following its deliberations, the jury found petitioner guilty of two counts of second-degree sexual assault and five counts of battery. The State subsequently filed a recidivist information,

---

[3] The SANE noted that vaginal penetration should be documented "even if it's just slight."

[4] Rule 412 of the West Virginia Rules of Evidence "is intended to provide the standard for the introduction of evidence of a victim's sexual history." *State v. Varlas*, 237 W. Va. 399, 407, 787 S.E.2d 670, 678 (2016) (quoting W. Va. R. Evid. 412 cmt.).

[5] The picture was not included in the appendix record, but based upon petitioner's citation to the record, it appears that the referenced picture depicts K.J. and petitioner's father.

following which a jury found petitioner to be the same individual convicted of the earlier offenses. In accordance with that finding, the court sentenced petitioner to life incarceration, with mercy, for one count of second-degree sexual assault; to not less than ten nor more than twenty-five years for the second count of second-degree sexual assault; and to time served for his five battery convictions. It is from the April 7, 2022, sentencing order that petitioner now appeals.

Petitioner first assigns error to the circuit court's refusal to instruct the jury on first-degree sexual abuse in view of K.J.'s testimony that petitioner could not obtain an erection and "tried" to put his penis in her mouth and vagina. Petitioner also highlights K.J.'s statements to the SANE regarding what petitioner was "not able" to do and his "unsuccessful" attempt, and he notes that there were no findings during K.J.'s examination indicative of a sexual assault.

"As a general rule, the refusal to give a requested instruction is reviewed for an abuse of discretion." Syl. Pt. 1, *State v. Bell*, 211 W. Va. 308, 565 S.E.2d 430 (2002) (quoting Syl. Pt. 1, in part, *State v. Hinkle*, 200 W. Va. 280, 489 S.E.2d 257 (1996)). A two-part inquiry is employed in determining whether a defendant is entitled to an instruction on a lesser included offense:

> The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense.

*Id.* at 309, 565 S.E.2d at 431, Syl. Pt. 3, in part (quoting Syl. Pt. 1, *State v. Jones*, 174 W. Va. 700, 329 S.E.2d 65 (1985)). Importantly, "[i]nstructions must be based upon the evidence and an instruction which is not supported by evidence should not be given." Syl. Pt. 4, *State v. Collins*, 154 W. Va. 771, 180 S.E.2d 54 (1971).

The parties, in agreement that first-degree sexual abuse is a lesser included offense of second-degree sexual assault,[6] have focused their arguments on the second inquiry, i.e., whether there was evidence to prove first-degree sexual abuse. In resolving this inquiry, the parties further agree that there needs to be evidence of sexual contact, the element that distinguishes first-degree sexual abuse from second-degree sexual assault, which instead requires proof of penetration. *Compare* W. Va. Code § 61-8B-4(a)(1) (specifying that second-degree sexual assault is committed when one "engages in sexual intercourse . . . with another person without the person's consent, and the lack of consent results from forcible compulsion"), *with id.* § 61-8B-7(a)(1) (specifying that first-degree sexual abuse is committed when one "subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion"); *see also State v. Dellinger*, 178 W. Va. 265, 268, 358 S.E.2d 826, 829 (1987) ("[T]he hallmark of first degree sexual abuse is sexual contact, rather than sexual intercourse."). "Sexual contact" is defined, in relevant part, as "any intentional touching, either directly or through clothing, of the breasts,

---

[6] *See, e.g.*, *State v. Kennedy*, 243 W. Va. 58, 67, 842 S.E.2d 262, 271 (2020) (recounting that the jury was instructed on first-degree sexual abuse as a lesser included offense of second-degree sexual assault); *State v. Angle*, 233 W. Va. 555, 559-60, 759 S.E.2d 786, 790-91 (2014) (recounting the trial court's grant of a judgment of acquittal on the charged offense of second-degree sexual assault and ensuing finding that the jury could only consider the lesser included offense of first-degree sexual abuse).

3

buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs." W. Va. Code § 61-8B-1(6).

The evidence petitioner identifies in support of this claim does not establish any sexual contact short of penetration. Petitioner's attempts do not amount to evidence of an intentional touching by petitioner of the body parts of K.J. identified in West Virginia Code § 61-8B-1(6) or an intentional touching by him of any part of K.J.'s body with his sex organs. Although petitioner seizes on this Court's statement in *Dellinger* that "[o]ne cannot, however, commit intercourse without sexual contact since intercourse necessarily involves contact," there was evidence in *Dellinger* of sexual contact (including that the defendant placed his victim's hands on his penis) and a conflict in the evidence of penetration (namely, his denial of it). 178 W. Va. at 267-68, 358 S.E.2d at 828-29. Here, in contrast, there was no evidence of *just* sexual contact. The only evidence of sexual contact was that which *constituted penetration*. "Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction." Syl. Pt. 2, *State v. Neider*, 170 W. Va. 662, 295 S.E.2d 902 (1982). Accordingly, we find no error in the court's refusal to instruct the jury on first-degree sexual abuse.[7]

In his second assignment of error, petitioner argues that the court erred in prohibiting him from questioning K.J. about whether she had known petitioner for many years and lived at his home, calling a witness who would purportedly testify that petitioner and K.J. were acquainted, and introducing photographs of K.J.

Our review of this claim is similarly for an abuse of discretion. *See* Syl. Pt. 5, *State v. Gibbs*, 238 W. Va. 646, 797 S.E.2d 623 (2017) ("A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.") (quoting Syl. Pt. 1, *State v. Timothy C.*, 237 W. Va. 435, 787 S.E.2d 888 (2016)). To begin, petitioner *did* question K.J. about whether she knew him, and K.J. testified to her knowledge of him. Petitioner does not specify what additional information he was unable to elicit from K.J. before he voluntarily "move[d] forward" from questioning her. He also does not detail what additional information his witness or the photograph would provide that was not furnished by K.J.'s testimony. Nevertheless, to the extent there was any error, it was harmless as it had no prejudicial impact on the verdict. *State v. Adkins*, 163 W. Va. 502, 511-12, 261 S.E.2d 55, 61-62 (1979) (setting forth that where evidence is offered by a defendant but refused, the harmless error test requires weighing the prejudicial impact of the error on the jury verdict). In short, the jury

---

[7] Petitioner also argues that the fact that the court instructed on attempted second-degree sexual assault suggests its recognition that the jury "might believe the State's evidence generally" but not that "sexual intercourse was completed by penetration." In view of the law on attempts, it is clear that the evidence identified by petitioner, including that petitioner "tried" and "attempted to" commit sexual assault but "wasn't able" to, supported the giving of an instruction on attempt. *See* Syl. Pt. 4, *State v. Minigh*, 224 W. Va. 112, 680 S.E.2d 127 (2009) ("In order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime.") (quoting Syl. Pt. 1, *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991)). As explained above, though, it is not evidence of sexual contact.

4

already had evidence of K.J.'s prior knowledge of petitioner, and that fact made no difference where there was videotape, testimonial, and other corroborative evidence of petitioner's sexual assaults and batteries of K.J. Accordingly, we find no merit to this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn