IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

_____

No. 13-0982

_____

**FILED**
**October 23, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

MARTY ATWELL,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Paul Zakaib, Jr., Judge
Criminal Action No. 13-F-85

REVERSED AND REMANDED

_____

Submitted: September 17, 2014
Filed:  October 23, 2014

Charles R. Hamilton, Esq.                     Patrick Morrisey, Esq.
Hamilton Law Office                           Attorney General
Charleston, West Virginia                     Laura Young
Attorney for the Petitioner                   Assistant Attorney General
                                              Julie A. Warren, Esq.
                                              Assistant Attorney General
                                              Charleston, West Virginia
                                              Attorneys for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.
JUSTICE LOUGHRY concurs and reserves the right to file a concurring opinion.
JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.	"The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

2.	"Under *W.Va.Code*, 61-11A-1 through -8 and the principles established in our criminal sentencing jurisprudence, the circuit court's discretion in addressing the issue of restitution to crime victims at the time of a criminal defendant's sentencing is to be guided by a presumption in favor of an award of full restitution to victims, unless the circuit court determines by a preponderance of the evidence that full restitution is impractical, after consideration of all of the pertinent circumstances, including the losses of any victims, the financial circumstances of the defendant, and the defendant's family, the rehabilitative consequences to the defendant and any victims, and such other factors as the court may consider." Syl. pt. 3, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

Benjamin, Justice:

The petitioner, Marty Atwell, appeals the August 21, 2013, order of the Circuit Court of Kanawha County that denied his motion requesting a reduction in the amount of restitution he was ordered to pay after pleading guilty to Nighttime Burglary by Way of Entering Without Breaking and Grand Larceny. For the reasons stated herein, this Court reverses the circuit court's denial of the petitioner's motion for reduction of restitution and remands for a hearing on the issue of restitution.

## I.    FACTS

In May 2013, the prosecuting attorney of Kanawha County filed an information charging the petitioner with one count of Nighttime Burglary by Way of Entering without Breaking and one count of Grand Larceny for stealing a stainless steel stove and refrigerator from the dwelling house of Steve Loncki. The petitioner pled guilty to both counts in the information.

The Adult Probation Department submitted a thorough Presentence Report to the circuit court. According to the report, the residence in which the petitioner committed the crimes had been vacant because the homeowner, Mr. Loncki, had sustained a traumatic brain injury while performing work on the residence. As a result of the accident, Mr. Loncki was in a coma for six months. After undergoing rehabilitation, Mr. Loncki went to live with his parents in Delaware. The presentence report also

1

indicated that there was evidence that the petitioner had conspired with others to remove items from Mr. Loncki's residence in addition to the stove and refrigerator.

Attached to the presentence report was a victim statement prepared by Mr. Loncki's parents which indicated that Mr. Loncki did not have insurance on the residence and that the residence was a total loss. The statement also included an itemized list of property stolen and the purported value of each item, which adds up to $50,013.00.[1] A police report included in the presentence report states that numerous items were taken from Mr. Loncki's property including military medals awarded to Mr. Loncki's daughter, who died serving in the military in Iraq, a trailer, and three four-wheelers.

In its July 23, 2013, sentencing order, the circuit court sentenced the petitioner to a term of incarceration of 1 to 15 years for the nighttime burglary charge and 1 to 10 years for grand larceny with the sentences to run consecutively.[2] Pertinent to this appeal, the petitioner was ordered to pay restitution in the amount of $50,013.00 to the victim of his crimes. The petitioner's counsel took exception to the amount of restitution in light of the fact that the petitioner pled guilty only to stealing a stove and refrigerator. In his subsequent Rule 35 motion for reconsideration of sentence, the petitioner requested

---

[1] Included in the appendix are copies of receipts or bills of sale for items of the victim that were allegedly damaged or stolen by the petitioner or others. Most of the copies in the appendix are of poor quality and illegible.

[2] These sentences also are to run consecutively to a 24-month federal sentence which petitioner is serving on an unrelated matter.

2

that the amount of restitution be corrected to reflect the value of the stove and refrigerator which were listed in the information.[3] The circuit court denied the petitioner's motion in its August 21, 2013 order.

## II. STANDARD OF REVIEW

Our standard of review in this case is stated in syllabus point 1 of *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997) as follows:

> The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.

## III. DISCUSSION

The petitioner's sole assignment of error is that the circuit court abused its discretion in determining the amount of restitution absent the presentation of evidence of the victim's loss at the sentencing hearing and without determining the petitioner's ability to pay restitution.

The State responds that the circuit court did not abuse its discretion in determining the amount of restitution. The State notes that as part of the respondent's

---

[3] In the petitioner's Rule 35 motion for reconsideration of sentence, the petitioner also requested that the circuit court sentence him to concurrent state sentences and that the state sentences be served concurrently with his federal sentence. The circuit court, in its August 21, 2013, order denied these requests. On appeal, the petitioner challenges only the denial of his motion to reconsider the amount of restitution.

guilty plea, he agreed to pay the amount recommended by the Adult Probation Department which, based on the information submitted to the Department from the victim's family and included in the presentence report, amounts to $50,013.00. According to the State, the petitioner adduced no evidence at the sentencing hearing to rebut the values of the items stolen as presented in the report, nor did he present any argument related to his financial condition and his ability to pay restitution.

With regard to a circuit court's determination of the amount of restitution, this Court has held:

> Under *W.Va.Code*, 61-11A-1 through -8 and the principles established in our criminal sentencing jurisprudence, the circuit court's discretion in addressing the issue of restitution to crime victims at the time of a criminal defendant's sentencing is to be guided by a presumption in favor of an award of full restitution to victims, unless the circuit court determines by a preponderance of the evidence that full restitution is impractical, after consideration of all of the pertinent circumstances, including the losses of any victims, the financial circumstances of the defendant, and the defendant's family, the rehabilitative consequences to the defendant and any victims, and such other factors as the court may consider.

Syl. pt. 3, *Lucas*, 201 W. Va. 271, 496 S.E.2d 221. Factors to be considered in determining the amount of restitution are set forth in W. Va. Code § 61-11A-5(a) (1984) of the Victim Protection Act of 1984 as follows:

> The court, in determining whether to order restitution under this article and in determining the amount of such restitution, shall consider the amount of the loss sustained by

4

any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the

defendant and the defendant's dependents, and such other factors as the court deems appropriate.

In addition, W. Va. Code § 61-11A-5(d) provides the allocation of the burden of proof between the parties:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

After reviewing the parties' arguments, the appendix herein, and the applicable law, this Court finds that the circuit court did not consider all of the pertinent circumstances in determining the practicality of an award of full restitution. Therefore, we reverse the circuit court's denial of the petitioner's motion for reconsideration of the amount of restitution. We remand this matter to the circuit court for a hearing in which the court is to determine the practicality of an award of full restitution after consideration of all of the pertinent circumstances which are set forth in syllabus point 3 of *Lucas* and W. Va. Code § 61-11A-5.

5

## IV.    CONCLUSION

For the foregoing reasons, the circuit court's order denying the petitioner's Rule 35(b) motion for reconsideration of the amount of restitution is reversed, and this case is remanded for the circuit court to reconsider the issue of restitution.

Reversed and remanded.