# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-1319** (Monongalia County 14-F-72)

**Samuel R., Defendant Below
Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner, Samuel R., by counsel Justin Gregory, appeals the order of the Circuit Court of Monongalia County, entered on December 1, 2014, sentencing him to confinement in the penitentiary for not less than five years, nor more than twenty-five years for the offense of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7, and not less than ten, nor more than twenty years for the offense of sexual assault by a parent, guardian, custodian, or person in position of trust, in violation of West Virginia Code § 61-8D-5, after petitioner pled guilty to both crimes.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner requests that this Court vacate his sentence and remand the matter to the circuit court for resentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On an occasion between 2012 and 2013, petitioner forcibly engaged in sexual acts with his girlfriend's five-year-old son, P.H. On January 10, 2014, petitioner was charged in a four-count indictment relating to the event, which included one count of first-degree sexual assault, one count of first-degree sexual abuse, and two counts of sexual assault by a parent, guardian, custodian, or person in a position of trust. The first-degree sexual assault count charged that petitioner placed his penis in the child's mouth. The first-degree sexual abuse count charged sexual contact by petitioner touching the child's penis. The counts charging sexual assault and sexual abuse by a parent, guardian, custodian, or person in a position of trust corresponded to those two offenses.

In a pre-trial evaluation that found petitioner both competent and criminally responsible at the time of his actions, petitioner admitted to forcing P.H. to place his mouth on the

---

[1]In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout this memorandum decision.

1

petitioner's penis, and touching P.H.'s penis. On July 23, 2014, following the negotiation of a plea agreement between the parties, petitioner entered a plea of guilty to one count of first degree sexual abuse, as well as one count of sexual assault by a parent, guardian, custodian, or person in a position of trust, both felonies. The two remaining counts in the indictment were dismissed by the circuit court.

On December 1, 2014, petitioner was sentenced to not less than five, nor more than twenty-five years in the West Virginia Penitentiary for the offense of first-degree sexual abuse, and not less than ten, nor more than twenty years for the offense of sexual assault by a parent, guardian, custodian, or person in position of trust. The circuit court ordered that the sentences run consecutively. Further, the circuit court denied petitioner's motion for alternative sentencing, based on the seriousness of the offenses, the effect of the crime on the victim, and the results of petitioner's sexual offender assessment. The assessment suggested no sexual offender treatment plan or community-based treatment alternatives, and instead recommended prison-based treatment. Because of the results of the assessment, petitioner was found ineligible for probation. Further, the circuit court found that home incarceration was inappropriate for petitioner because of the seriousness of the offenses and the injuries to the victim. This appeal followed.

On appeal, petitioner presents two issues for resolution by this Court: (1) whether the circuit court abused its discretion in sentencing petitioner, because the sentence imposed upon petitioner is impermissibly and shockingly harsh, unjustified, and disproportionate to the underlying facts of the case; and (2) whether the circuit court's sentencing order has the effect of punishing petitioner twice for the same act, in violation of his constitutional protections against double jeopardy. For the reasons set forth below, we conclude that the circuit court committed no error.

Inasmuch as the issues raised on appeal deal solely with sentencing, we are guided by the following standard of review: "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Atwell*, 234 W. Va. 293, 765 S.E.2d 182, 183-84 (2014), (quoting Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)).

First, petitioner contends that the circuit court abused its discretion in sentencing him to the maximum statutory sentence for each offense, and in ordering that the sentences run consecutively. Petitioner asserts that the sentences imposed upon him by the circuit court violate the proportionality provisions of the United States Constitution as well as the West Virginia State Constitution.[2] While petitioner acknowledges that both offenses carry independent penalties, petitioner argues that the sentences imposed by the circuit court are unduly harsh and disproportionate, where both offenses relate to a single act.

---

[2]The Eighth Amendment of the United States Constitution, as well as Article Three, Section Five of the West Virginia State Constitution, provide that excessive bail shall not be required, nor shall excessive fines be imposed, nor cruel and unusual punishment be inflicted. The provisions also include that penalties shall be proportional to the character and degree of the offense.

This court held in Syllabus Point 10 of *State v. Payne*, 225 W.Va. 602, 605, 694 S.E.2d 935, 938 (2010) that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982))." Here, petitioner's sentences are not unconstitutionally disproportionate, because they do not exceed the statutory limits upon either offense. Further, the circuit court did not base its sentencing decision upon an impermissible factor, nor does petitioner even allege such a mistake. For these reasons, the sentences do not merit review by this Court.

Second, petitioner contends that the circuit court violated his constitutional protections against double jeopardy, pursuant to both the United States Constitution and the West Virginia State Constitution,[3] in ordering that he serve consecutive sentences for convictions resulting from the same act. Petitioner asserts that he received multiple punishments for the same act, as the convictions in this matter are based on identical allegations.

This Court squarely addressed the issue of whether separate punishments for the felony offenses of sexual assault and sexual abuse by a parent, guardian, custodian, or person of trust violate the principles of double jeopardy in *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). In *Gill*, this Court held that where the legislative intent regarding separation of offenses is clear on the face of the statute or the legislative history, the traditional double jeopardy test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), is not necessarily controlling. *Gill* at 142, 416 S.E.2d at 259. Further, this Court pronounced that "the legislature has clearly and unequivocally declared its intention that the sexual abuse statute involving parents, custodians, or guardians, W. Va. Code, 61-8D-5, is a separate and distinct crime from the general sexual offenses statute, W. Va. Code, 61-8B-1, et seq., for purposes of punishment." 187 W.Va. at 143-44, 416 S.E.2d at 260-61. Further, this Court revisited and affirmed the *Gill* decision in *State v. Proctor*, 227 W. Va. 352, 709 S.E.2d 549 (2011).

Here, petitioner's convictions are separate and distinct from one another, and separate sentences are permissible. *See Gill*, 187 W.Va. at 143-44, 416 S.E.2d at 260-61. Further, it is within the discretion of the circuit court to order that the sentences run consecutively. *See* W. Va. Code § 61-11-21. For these reasons, we find that the circuit court did not err in sentencing petitioner.

For the foregoing reasons, we affirm the circuit court's December 1, 2014, order.

Affirmed.

---

[3]The Fifth Amendment of the United States Constitution, as well as article three, section five of the West Virginia State Constitution, contains a double jeopardy provision which provides individuals with immunity from further prosecution where a court having jurisdiction has acquitted the accused, protects against a second prosecution for the same offense after conviction, and prohibits multiple punishments for the same offense.

ISSUED: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II