# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan Lind, Petitioner Below,**
**Petitioner**

**vs) No. 14-0116** (Kanawha County 09-MISC-429 & 06-F-299)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

August 31, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Jonathan Lind, by counsel Robert P. Dunlap, appeals the circuit court's January 9, 2014, order denying his petition for writ of habeas corpus. The State, by counsel Jonathan Porter, filed a response supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying him habeas relief because he received ineffective assistance of prior habeas counsel and for other errors related to his underlying criminal trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March 2006, petitioner murdered Edward Ayers in the victim's home. Following the murder, petitioner stole the victim's credit cards and vehicle, and went on a shopping spree with a friend, which involved trading stolen goods for crack cocaine and using the victim's credit cards at various retailers. On July 26, 2006, petitioner was charged in a five-count indictment relating to the event, which included one count of first-degree murder, in violation of West Virginia Code § 61-2-1, one count of first-degree robbery, in violation of West Virginia Code § 61-2-12(a), and three counts of forgery of a credit card, in violation of West Virginia Code § 61-3-24a(c). After a three-day trial in March of 2007, the jury convicted petitioner of second-degree murder, first-degree robbery, and three counts of forgery of a credit card. On June 1, 2007, petitioner was sentenced to a cumulative term of incarceration of 33 to 150 years.

Following entry of the circuit court's sentencing and commitment orders, petitioner filed a timely direct appeal to this Court, which was denied by order, entered March 20, 2008. On October 2, 2008, petitioner filed a pro se petition for writ of habeas corpus in the circuit court, requesting that his conviction be overturned and that he receive a new trial. The circuit court entered an order appointing legal counsel to represent petitioner in his habeas proceeding. On February 10, 2009, petitioner's appointed counsel filed an amended petition for writ of habeas corpus. An omnibus hearing was conducted on February 18, 2009, which petitioner attended telephonically, and the petition was denied by order of the circuit court on April 17, 2009. On April 28, 2009, petitioner filed a notice of appeal. The circuit court entered an order relieving

petitioner's habeas trial counsel from further representation, and appointed petitioner new counsel to represent him on his habeas appeal.[1]

On November 17, 2009, petitioner filed a second *pro se* petition for writ of habeas corpus, followed by a memorandum in support of his habeas petition and a motion for appointment of counsel submitted on December 2, 2009, and an amendment to his habeas petition submitted on January 5, 2010. On February 5, 2010, the circuit court appointed the Kanawha County Public Defender's office to represent petitioner. On October 22, 2010, petitioner's habeas counsel filed an amended petition for writ of habeas corpus. The material submitted to the circuit court by petitioner, pro se, and by his appointed counsel in connection with the second habeas petition raised various constitutional claims, several of which petitioner failed to raise in his initial habeas appeal, as well as those claims that were denied in his initial habeas petition. On December 12, 2012, and December 14, 2012, the circuit court conducted an omnibus hearing in this matter. The circuit court found that the failure of petitioner's counsel to file an appeal from the final order entered in petitioner's first habeas proceeding constituted ineffective assistance of counsel. In the interest of allowing petitioner a full and thorough review, the circuit court allowed petitioner to present evidence on all errors asserted in his amended habeas petition, including those that the circuit court denied in his initial habeas proceeding. Ultimately, the circuit court entered an order on January 9, 2014, denying petitioner's second habeas petition. This appeal followed.

Petitioner, in his brief, presents eight issues for resolution by this Court: (1) whether petitioner was denied his right to effective assistance of counsel during his first habeas proceeding when his attorney, Michael Payne, failed to demand petitioner's presence at an omnibus hearing; (2) whether petitioner was denied his right to effective assistance of counsel during his first habeas proceeding when his attorney failed to discuss the necessity of raising all habeas claims in one petition, and failed to perfect an appeal on petitioner's behalf; (3) whether petitioner was denied his right to effective assistance of counsel during his second habeas proceeding when his attorney, Lori Peters, failed to include petitioner's pro se grounds for appeal in the Amended Petition for Writ of Habeas Corpus; (4) whether the circuit court's failure to instruct the jury on larceny as a lesser-included offense of robbery prevented the jury from fully considering all aspects of the case and rendering a fair verdict; (5) whether petitioner was denied his rights of confrontation and cross-examination when the circuit court failed to consider petitioner's expert report concerning his mental competency at the time of the crime and denied petitioner's expert the opportunity to testify at petitioner's trial regarding the impact of drugs and alcohol on petitioner's behavior and judgment; (6) whether petitioner was denied his right to effective assistance of counsel during his trial when his attorney, Troy Giatras, failed to call certain witnesses to testify on petitioner's behalf at sentencing, among other things; (7) whether the sentence imposed upon petitioner by the circuit court was excessive and unconstitutional; and (8) whether the circuit court erred in allowing the prosecution to use knowingly perjured testimony.

As an initial matter, this Court has stated that "[o]ur post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as

---

[1]No appeal was ever filed upon the denial of petitioner's first habeas petition.

a matter of right, to only one post-conviction habeas corpus proceeding." Syl. Pt. 1, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984). The initial habeas corpus hearing is res judicata as to all matters raised and to all matters known or which with reasonable diligence could have been known. *Id.* at Syl. Pt. 4. Therefore, only ineffective assistance of habeas counsel, newly discovered evidence, or a change in law favorable to the applicant and which may be applied retroactively can be considered in any subsequent habeas petition. *Id.*

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises claims of ineffective assistance of counsel against his trial counsel, first habeas counsel, and second habeas counsel. However, we find that petitioner was adequately represented in all stages of his case, and find that there are no grounds to support a claim of ineffective assistance of counsel.

Inasmuch as the issues on appeal involve a determination of ineffective assistance of counsel, we are guided by the standard articulated in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), in which this Court adopted the test espoused by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In syllabus point five of *Miller*, this Court held that a reviewing court must determine whether "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." This Court further held in syllabus point six of *Miller* that:

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

First, petitioner argues that the failure of his first habeas counsel to demand petitioner's presence at his omnibus hearing resulted in the denial of his constitutional rights to due process and effective assistance of counsel. Petitioner asserts that he had a right to appear physically at the omnibus hearing, and his telephonic appearance at the hearing did not suffice. However, we hold that petitioner's counsel did not act unreasonably in his failure to demand petitioner's

3

physical presence at the omnibus hearing. First, the record is clear that petitioner did not object to the circuit court holding the hearing in the manner it did, i.e. allowing petitioner to appear telephonically. *See* Syl. Pt. 3, in part, *State v. Asbury*, 187 W.Va. 87, 415 S.E.2d 891 (1992) (holding that "[f]ailure to make timely and proper objection . . . constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court") (citations omitted). Moreover, an omnibus hearing is a civil proceeding, for which there is no constitutional right to be physically present, and petitioner has cited to no authority that required he attend the hearing in person. Further, petitioner was given adequate opportunity to meaningfully participate in the omnibus hearing via telephone. Therefore, counsel's actions do not constitute ineffective assistance of counsel.

Additionally, petitioner argues that the failure of his first habeas counsel to (1) discuss the necessity of raising all habeas claims in one proceeding, and (2) to perfect an appeal on petitioner's behalf, resulted in ineffective assistance of counsel. However, based on testimony from petitioner's omnibus hearing, the circuit court correctly determined that counsel adequately explained the *Losh* list and waiver requirements to petitioner and petitioner understood his rights. This Court agrees with the circuit court's determination that petitioner's first habeas counsel's failure to perfect an appeal on behalf of petitioner was ineffective. However, the Court acknowledges that the circuit court cured this instance of ineffective assistance of counsel when it allowed petitioner to present all assignments of error asserted in his initial habeas petition and in his second habeas petition collectively for consideration and determination. As such, we cannot say that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). For these reasons, petitioner is entitled to no relief in regard to this assignment of error.

Next, petitioner argues that his counsel in the current habeas proceeding provided ineffective assistance. Petitioner argues, among other things, that counsel's decision to incorporate petitioner's pro se filings by reference in his Amended Petition for Writ of Habeas Corpus did not promote proper consideration of his grounds for appeal. However, we decline to address this assignment of error on appeal because petitioner asks that this Court evaluate counsel's performance on direct appeal, as opposed to having the benefit of a record below to support any findings in this regard. We note that traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial. In fact,

> we have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South*, 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who

presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n. 1, 465 S.E.2d 416, 419 n. 1 (1995). As such, we decline to address petitioner's claims of ineffective assistance of counsel from the underlying habeas proceeding on direct appeal because the record is insufficient. This claim would more appropriately be raised in a new petition for writ of habeas corpus.

Finally, petitioner argues that he was denied his constitutional right to effective assistance of counsel during his trial, based on several grounds. However, petitioner is barred from raising this argument, as he did not name trial counsel in his *Losh* list. *See* Syl. Pt. 1, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972) ("[t]here is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance."). Additionally, it is unlikely that petitioner would prevail on this argument, notwithstanding his failure to name trial counsel in his *Losh* list, as counsel effectively advocated for petitioner and secured a lesser conviction for him. Accordingly, it cannot be maintained that petitioner was provided ineffective assistance of counsel at his trial.

Petitioner also raises several claims alleging the unconstitutionality of his sentence. However, upon our review, we find that there are no grounds to support the argument that petitioner's sentence violates his constitutional rights, and maintain that the circuit court did not err in sentencing petitioner. Principally, petitioner argues that the sentence imposed upon him by the circuit court is excessive and unconstitutional, arguing that he was punished for a more severe crime than he was convicted. In considering sentencing orders, we are guided by the following standard of review: "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Atwell*, 234 W.Va. 293, 765 S.E.2d 182, 183-84 (2014) (quoting Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)).

This Court has set forth two tests for determining whether a sentence is so disproportionate that it violates the Constitution. The first test is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. *State v. Cooper*, 172 W.Va. 266, 271, 304 S.E.2d 851, 857 (1983). When it cannot be said that a sentence shocks the conscience, a proportionality challenge is guided by the objective test wherein consideration is given to the nature of the offense, the legislative purpose behind the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction. Syl Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

In the present case, substantial deference should be afforded to the findings and conclusions of the circuit court. Specifically, "'[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong.' Syllabus point 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975)." Syl. Pt. 2, *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999). Here, the sentence imposed upon petitioner does not offend the fundamental notions of human dignity, where the petitioner murdered a man,

robbed him, and engaged in forgery. Further, the sentence does not exceed the statutory limits of any offense charged against petitioner, nor is it disproportionate to the sentence imposed for similar crimes in other jurisdictions. In fact, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Accordingly, we find that the sentence imposed by the circuit court is not unconstitutionally disproportionate to the crime committed by and charged against petitioner.

Additionally, petitioner argues that the circuit court erred in its failure to instruct the jury on larceny as a lesser-included offense of robbery, denying him his constitutional right of due process. Petitioner avers that the circuit court's failure to instruct the jury on larceny as a lesser-included offense of robbery prevented the jury from fully considering all aspects of the case and rendering a fair verdict. We have previously held that "'[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion . . . .' Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)." Syl. Pt. 2, in part, *State v. Jett*, 220 W.Va. 289, 647 S.E.2d 725 (2007). Additionally, we have held that

> "[t]he question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense." Syllabus Point 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

Syl. Pt. 9, *State v. Davis*, 205 W.Va. 569, 519 S.E.2d 852 (1999). Upon our review, we affirm the circuit court's finding that there was insufficient conflict in the evidence to warrant an instruction on the lesser-included offense of robbery.

Petitioner further asserts that he was denied his right to confrontation and cross-examination when the circuit court failed to consider petitioner's expert report concerning his mental competency at the time of the crime and denied an expert witness the opportunity to testify at petitioner's trial regarding the impact of drugs and alcohol on petitioner's behavior and judgment. We have held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Here, the record is clear that the trial court excluded the report on ground of irrelevancy, and the habeas court denied petitioner relief on this ground because neither the report, nor the testimony of the expert, could legally impact the elements of the charged offenses. Rather the habeas court noted that the evidence petitioner complains was excluded actually demonstrated that petitioner was able to form intent at the time of the crime and was later able to describe his ability to form intent. As such, we hold that the circuit court did not err in denying petitioner habeas relief in this regard.

Finally, petitioner argues that the circuit court erred in allowing the prosecution to use knowingly perjured testimony. However, nothing in the record indicates that any witness committed perjury below or that the State knowingly presented the same to the jury. As such, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we affirm the circuit court's December 1, 2014, order.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II